IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN A. CORRAL-MELERO, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>WHY NOT IRON, INC., an Illinois corporation, d/b/a WHY NOT IRON, SEAN R. KELLY, an individual, and PATRICIA KELLY, an individual,<br><br>Defendants. | Case No. 17-cv-00790 |

## **COLLECTIVE ACTION COMPLAINT**

The Plaintiff, Juan A. Corral-Melero ("Plaintiff" or "Corral-Melero"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Why Not Iron, Inc. d/b/a Why Not Iron ("Why Not Iron"), Sean R. Kelly, and Patricia Kelly (collectively, the Defendants") as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago. Defendants violated federal, state, and city overtime laws by failing to pay Plaintiff, and other similarly situated workers, an overtime premium when they worked more than 40 hours in individual workweeks.

2. Plaintiff's FLSA claim is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party is attached as Exhibit A.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state and city claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff is a former employee of the Defendants. Plaintiff is a laborer who performed welding and demolition work for the Defendants from approximately 2008 through July 4, 2016.

6. During the course of his employment, Plaintiff, and other similarly situated workers, used and handled goods and materials, inducing welding and demolition tools, which previously moved in interstate commerce before being used or purchased in Illinois.

7. Defendant Why Not Iron, Inc. is an Illinois corporation doing business as a manufacturer, fabricator, and installer of custom-designed metalwork and iron.

8. Defendant Why Not Iron has a principal business location of 4425 W. Kinzie, Chicago, IL 60624.

9. Upon information and belief, Defendant Why Not Iron earned more than $500,000 in gross annual revenue or sales during 2014, 2015, and 2016.

10. Upon information and belief, Defendant Sean R. Kelly is an owner of Defendant Why Not Iron. Defendant Kelly is the registered agent for Defendant Why Not Iron.

11. Defendant Sean R. Kelly had the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, Defendant Kelly hired Plaintiff, set Plaintiff's rate of pay, set Plaintiff's work schedule, and signed some of Plaintiff's wage checks.

12. Upon information and belief, Defendant Patricia Kelly is an owner of Defendant Why Not Iron. Defendant Kelly is the president and corporate secretary for Defendant Why Not Iron.

13. Defendant Patricia Kelly had the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, Defendant Kelly signed most of Plaintiff's wage checks.

14. Defendants Sean R. Kelly and Patricia Kelly reside and are domiciled within this judicial district.

**COMMON ALLEGATIONS**

15. During the last three years before the filing of this suit, Defendants directed Plaintiff to work, and Plaintiff did work, more than 40 hours in individual workweeks.

16. Plaintiff typically worked 6 days a week for Defendants. Plaintiff regularly worked shifts Monday through Saturday and worked on Sunday as well from time to time.

17. During the last three years before the filing of this suit, Plaintiff regularly worked between 55 and 70 hours in individual workweeks for the Defendants. (Representative samples of Plaintiff's timecards from 2014, 2015, and 2016 are attached as Exhibit B.)

18. During the last three years before the filing of this suit, Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in an individual workweek.

19. Defendants paid Plaintiff on an hourly basis.

20. Plaintiff's rate of pay during the last three years was $11.50.

21. For a weekly pay period, Defendants paid Plaintiff at his straight-time hourly rate (i.e. $11.50) for all hours worked. (Plaintiff's 2014 Payroll Report is attached as Exhibit C.)

22. For example, for the weekly pay period ending June 8, 2014, Plaintiff worked 66 hours for Defendants and was paid $759.00 (66*$11.50) on June 13, 2014. (See Exh. B, Plaintiff's timecard for "6-2-14 to 6-6-14" (sic) and compare, Exh. C., 6/13/2014 Check No. 13183.)

23. Defendants therefore did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for any hours worked in excess of 40 in individual work weeks.

24. In order to conceal their failure to pay overtime compensation, Defendants intentionally misclassified Plaintiff as an independent contractor or subcontractor. (See Exh. C.)

25. Defendants improperly issued a Form 1099-MISC to Plaintiff for the wage payments he received as their employee. Defendants further failed to withhold and deposit federal and state income taxes and employee social security and Medicare taxes.

**COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated laborers that worked for Defendants during the last three years before the filing of this suit.

27. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated laborers, have had substantially similar job descriptions, job requirements, and pay rates.

28. Plaintiff, and the other similarly situated laborers, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime compensation.

29. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions by paying laborers straight-time wages for all hours worked, including compensable overtime hours.

30. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

31. There are numerous similarly situated employees who worked for Defendants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

32. The similarly situated current and former laborers are known to the Defendants and are identifiable in Defendants' payroll and timekeeping records.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
(Collective Action)

33. Plaintiff hereby incorporates paragraphs 1 through 32 as though stated herein.

34. Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

35. During the course of Plaintiff's employment, Defendants employed other laborers who were similarly not exempt from the overtime wage provisions of the FLSA.

36. During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

37. Defendant Why Not Iron is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

38. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt laborers worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

39. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

40. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants intentionally sought to conceal their failure to pay overtime wages under the Act by intentionally misclassifying Plaintiff, a long-time employee, as an independent contractor.

**WHEREFORE**, the Plaintiff, Juan A. Corral-Melero ("Plaintiff" or "Corral-Melero"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Why Not Iron, Inc. d/b/a Why Not Iron, Sean R. Kelly, and Patricia Kelly, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

41. Plaintiff hereby incorporates paragraphs 1 through 32 as though stated herein.

42. Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d), and was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

43. During the course of Plaintiff's employment, Defendants employed laborers who were similarly not exempt from the overtime wage provisions of the IMWL.

44. At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

45. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt laborers worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

46. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Juan A. Corral-Melero ("Plaintiff" or "Corral-Melero"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Why Not Iron, Inc. d/b/a Why Not Iron, Sean R. Kelly, and Patricia Kelly, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

7

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

## COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

47. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

48. Plaintiff was an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

49. During the course of Plaintiff's employment, Defendants employed other laborers who were similarly not exempt from the overtime wage provisions of the CMWO.

50. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

51. Under § 1-24-040, for all weeks during which Plaintiff, and other non-exempt laborers worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

52. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiff, Juan A. Corral-Melero ("Plaintiff" or "Corral-Melero"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Why Not Iron, Inc. d/b/a Why Not Iron, Sean R. Kelly, and Patricia Kelly, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which

Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: January 31, 2017

Respectfully submitted,
Juan A. Corral-Melero, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff

/s/ Nicholas P. Cholis
_____
One of the Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel: (312) 322-1100
Fax: (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com